`Brockway Motor Truck Corporation of Porto Rico, Plaintiff and Appellant, v. Rafael Díaz Gómez, Defendant and Appellee.

No. 5483.   Argued February 3, 1933.—Decided July 18, 1934.

*Molina, Dubón & Ochoteco* for appellant.   *F. Colón Díaz* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

While Rafael Díaz Gómez was employed by J. Octavio Seix & Co., Inc., as an automobile and truck salesman, he purchased from said company a Jordan automobile on a conditional sales contract executing several promissory notes to the order of J. Octavio Seix & Co., Inc., wherein he agreed to pay the attorney's fees in case they were collected in judicial proceedings.

Some time later the Brockway Motor Truck Corporation of Porto Rico as indorsee of nine of those promissory notes that had already matured, brought suit in the District Court of Ponce to recover from Rafael Díaz Gómez the amount of $431.28 which is the amount of said notes, the interests in default and $100, as a reasonable amount for attorney's fees.

The defendant alleged in his answer to the complaint that he paid said debt to J. Octavio Seix & Co., Inc., with the commission of 7% due him on the sale of a fire engine to the Municipality of Ponce for the amount was $7,000, for which reason $490 belonged to him, which commission J. Octavio Seix & Co., Inc., had to pay him, and that was credited to his automobile account.

After the trial, judgment was rendered dismissing the complaint and this appeal was taken.

Upon deciding the case the court held as follows:

"The court, after weighing the evidence in the instant case, is of opinion that if the plaintiff has proved that he has in his possession promissory notes signed and delivered by the defendant when he purshased the Jordan automobile under a conditional sales contract from J. Octavio Seix Co., Inc., that evidence has not destroyed that offered by the defendant to the effect that while he was a salesman for the firm J. Octavio Seix & Co., Inc., he sold to the Municipality of Ponce a fire engine for $7,000 from which sale a 7% commission belonged to the defendant; that the defendant continued in the employ of the plaintiff when the latter took charge of the firm J. Octavio Seix & Co., Inc., and that Mr. Haines, the plaintiff's manager, had knowledge and notice of the agreement and the transaction entered into by the defendant with J. Octavio Seix to the effect that his commission in the sale of the fire engine, when it was paid by the Municipality of Ponce, that is $490, was to be credited to the promissory notes due on the Jordan automobile which would be canceled; that said fire engine was paid for and the defendant did not receive his commission and that he was under the impression that the plaintiff's office in San Juan had paid those promissory notes, because Mr. Haines himself was the one who sent him the registration of the Jordan Automobile for the present fiscal year. The defendant further testified that it was the custom and usage of the plaintiff to retain the notes canceled with his commissions.

"The court is of opinion that since these facts have been alleged in the answer, the defendant has offered no evidence to contradict them, explain them or deny them, in consequence whereof the conflict in the evidence must be decided in favor of the defendant, since the court has no reason to disbelieve the statements of the defendant that were extensively corroborated by his witnesses."

We only add that payment by the municipality was made some time after the sale, when the plaintiff was in charge of the business of J. Octavio Seix & Co., who was amenable to crediting to the defendant his commission on the sale.

In view of what has been stated it can not be sustained that the lower court erred in dismissing the complaint as is alleged in the first assignment of error of this appeal, for

even though the defendant did not show that he had paid the debt, or, in other words, that he tendered the amount due, he proved that J. Octavio Seix & Co., Inc., owed him as his commission a larger amount than that represented by the promissory notes he attempts to collect, and that the plaintiff was amenable to crediting said commission to the notes.

By virtue of what has been stated by the defendant compensation shall take place according to Section 1149 of the Civil Code. 1930 edition, and in consequence thereof he owes nothing to the plaintiff on the automobile purchased by him, as he alleged and proved without being contradicted. That was the theory alleged by the defendant and sustained by the court, for which reason it did not commit the error assigned that its judgment was based on a different theory than the one alleged by the defendant.

For the above reasons the lower court did not err in rendering the judgment appealed from, which should be affirmed.